IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACK ANTHONY KEGG,<br><br>Defendant. | CR 14-109-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Jack Anthony Kegg (Kegg) has been accused of violating the conditions of his supervised release. (Docs. 46, 51 and 66). Kegg admitted one of the alleged violations. Kegg's supervised release should be revoked. Kegg should be sentenced to custody for 5 months, with no term of supervised release to follow. The Court recommends that Kegg serve his custodial sentence at FCI Englewood.

## II. Status

Kegg plead guilty on March 24, 2015, to Possession of Child Pornography, in violation of 18 U.S.C. § 2252 (a)(5)(B), as charged in Count 1 of the Superseding Information. (Docs. 28 and 30). Kegg was sentenced to 75 months of custody, with

10 years of supervised release to follow. (Doc. 40). Kegg's current term of supervised release began on December 30, 2020.

**Petition**

On March 18, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Kegg's supervised release. (Doc. 46). The Petition alleged Kegg violated conditions of his supervised release by: (1) being in the company of a two year old child on December 11, 2024, without the permission of his probation officer; (2) being in possession of materials depicting sexually explicit conduct on January 10, 2024; (3) using a tablet without the permission of his probation officer in January, February, and December of 2024, and during January of 2025; and (4) being in possession of child pornography in January, February, and December of 2024, and during January of 2025.

**Amended Petition**

On February 28, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Kegg's supervised release. (Doc. 51). The Amended Petition provided additional information regarding allegations (2) and (4) stating that Kegg had been charged on February 24, 2025, in the 7th Judicial District Court of Douglas County, Minnesota with the felony offenses of Possession of Pornographic Work, in violation of Minnesota statute 617.247.4(b)(1) and

Possession of Pornographic Work; Registered Predatory Offender, a felony, in violation of Minnesota statute 617.247.4(b)(2).

**Initial Appearance**

Kegg appeared before the Court on April 1, 2025. Kegg was represented by counsel. Kegg stated that he had read the Amended Petition and that he understood the allegations against him. Kegg waived his right to a preliminary hearing.

**Revocation hearing**

Kegg appeared before the Court on April 1, 2025. The parties consented to proceed with the revocation hearing before the undersigned. The Government requested an evidentiary hearing, which the Court scheduled for April 22, 2025, at 1:30 p.m.

**Second Revocation hearing**

Kegg appeared before the Court on April 22, 2025. The Government moved for a one week continuance. The Court continued the evidentiary hearing until April 29, 2025.

**Third Revocation hearing**

Kegg appeared before the Court on April 29, 2025. The parties requested to have the revocation hearing continued until Kegg's proceedings in Minnesota were completed. The Court ordered that further proceedings regarding the Government's Amended Petition to revoke Kegg's supervised release be held in abeyance until the

disposition of Kegg's criminal proceedings in the 7th Judicial Court of Douglas County, Minnesota. (Doc. 59).

**Second Amended Petition**

On September 28, 2026, the United States Probation Office filed a Second Amended Petition requesting that the Court revoke Kegg's supervised release. (Doc. 66). The Second Amended Petition alleged Kegg had additionally violated the conditions of his supervised release by: (5) failing to answer truthfully questions by his probation officer on September 2, 2026, regarding his possession of a smartphone and tablet; and (6) being in possession of a smartphone and tablet between April 3, 2026, and September 2, 2026, without the permission of his probation officer.

**Second Initial Appearance**

Kegg appeared before the Court on September 29, 2026. Kegg was represented by counsel. Kegg stated that he had read the Second Amended Petition and that he understood the allegations against him. Kegg waived his right to a preliminary hearing.

**Fourth Revocation Hearing**

Kegg appeared before the Court on September 29, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Kegg requested a continuance. The Court then rescheduled Kegg's revocation hearing for

October 6, 2026, at 10:00 a.m., which was subsequently re-set for October 14, 2026 at 10:00 a.m.

**Fifth Revocation Hearing**

Kegg appeared before the Court on October 14, 2026. Kegg admitted he had violated the terms and conditions of his supervised release as set forth as allegation 5 of the Second Amended Petition. The Government moved to dismiss allegations 1-4 and 6, which the Court granted. Kegg's admitted violation, allegation 5, is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Kegg appeared before the Court on October 14, 2026. Kegg's violations are Grade C. His criminal history category is III. Kegg's underlying offense is a Class C felony. Kegg could be incarcerated for up to 24 months. Kegg could be ordered to remain on supervised release for 10 years less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Kegg's supervised release should be revoked. Kegg should be sentenced to custody for 5 months, with no term of supervised release to follow. The Court recommends that Kegg serve his custodial sentence at FCI Englewood. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Kegg that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Kegg of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Kegg that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That JACK ANTHONY KEGG has violated the conditions of his supervised release by: (5) failing to answer truthfully questions by his probation officer on September 2, 2026, regarding his possession of a smartphone and tablet.

**The Court RECOMMENDS:**

> That the District Court revoke Kegg's supervised release and sentence Kegg to custody for 5 months, with no term of supervised release to follow. The Court recommends that Kegg serve his custodial sentence at FCI Englewood.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of October 2026.

John Johnston
United States Magistrate Judge